UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN M. KILGORE,

                          Plaintiff,

v.

CITY OF SYRACUSE POLICE DEP'T;          5:21-CV-0082
DEWITT POLICE DEP'T; ITHACA                (TJM/ML)
POLICE, Loss Prev.; TOPS SUPERMARKET
INC.; BAUM, Deputy, Dewitt Police Dep't;
JOHN DOE, Syracuse Police Officer;
MATTHEW T. O'CONNOR; and MS.
RUSSIER,

                          Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

Steven M. Kilgore
  *Pro Se* Plaintiff
Seneca County Jail
6150 NY-96
Romulus, New York 14541
(last known address)

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

    *Pro se* Plaintiff, Steven M. Kilgore ("Plaintiff"), commenced this civil rights action against City of Syracuse Police Department; Dewitt Police Department; Ithaca Police, Loss Prev.; Tops Supermarket Inc.; Baum, Deputy, Dewitt Police Department; John Doe, Syracuse Police Officer; Matthew T. O'Connor; and Ms. Russier ("Defendants"), pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) For the reasons set forth below, I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed.

I.  **RELEVANT BACKGROUND**

On January 25, 2021, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.) When Plaintiff filed the Complaint, he was confined to the Onondaga County Justice Center. (Dkt. No. 1.)

On January 26, 2021, the Court denied Plaintiff's *in forma pauperis* application as incomplete and administratively closed the case. (Dkt. No. 4.) On February 5, 2021, Plaintiff filed an amended *in forma pauperis* application. (Dkt. Nos. 6.) On April 7, 2021, the Court issued a Decision and Order, which denied Plaintiff's amended *in forma pauperis* application pursuant to 28 U.S.C. § 1915(g) because Plaintiff has "three strikes" and, based on the allegations contained in the Complaint, is not entitled to the "imminent danger" exception. (Dkt. No. 10.) Plaintiff was given thirty (30) days to either (i) pay the $402.00 filing fee, or (ii) file an amended complaint demonstrating that he faced imminent danger of serious physical injury from Defendants when he commenced this action. (*Id.*) Plaintiff was cautioned that, "Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed." (Dkt. No. 10 at 9.) A copy of the Court's Decision and Order dated April 7, 2021, was served on Plaintiff via regular mail. (Dkt. No. 10.) However, on May 10, 2021, the Court received returned as undeliverable to Plaintiff, its Decision and Order dated April 7, 2021. (Dkt. No. 11.) On June 2, 2021, based on Plaintiff's filings in *Kilgore v. Conway*, Case No. 9:21-CV-0095 ("*Kilgore II*"), his address in this case was administratively updated to the Seneca County Jail and a copy of the docket sheet was mailed to him.

On July 7, 2021, the Court, *sua sponte*, granted Plaintiff an extension of time to comply with the Court's Decision and Order dated April 7, 2021. (Dkt. No. 12.) More specifically, the Court ordered that "[s]hould Plaintiff wish to proceed with this action, he must, within FOURTEEN (14) days of the date of this Decision and Order, either (i) pay the $402.00 filing fee; or (ii) file an amended complaint demonstrating that he faced imminent danger of serious physical injury from Defendants when he [commenced] this action." (*Id*.) Plaintiff was again cautioned that failure to comply with this directive would result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed. (*Id*.)

On July 20, 2021, the Court received returned as undeliverable, its Text Order dated July 7, 2021, which was sent to Plaintiff's updated address at the Seneca County Jail. (Dkt. No. 13.)

To date, Plaintiff has failed to either (1) pay the $402.00 filing fee, or (2) file an amended complaint. (*See generally* docket sheet.)

## II.   LEGAL STANDARD

For reasons that are self-evident, this Court's local rules require that "[a]ll attorneys of record and *pro se* litigants . . . immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[1] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

    A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than

---

[1] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

### III.    ANALYSIS

Based on a careful consideration of the relevant factors, I recommend that Plaintiff's Complaint be dismissed.

First, Plaintiff has failed to comply with two separate court orders. (Dkt. No. 10; Dkt. No. 12.) The deadline for Plaintiff to comply with the Court's order dated April 7, 2021, expired on May 7, 2021. The deadline for Plaintiff to comply with the Court's order dated July 7, 2021, expired on July 21, 2021. While the duration of Plaintiff's failure to proceed is relatively modest, its effect on the litigation is nonetheless substantial, and there is no end to Plaintiff's inaction in sight.

Second, the Court attempted to provide notice to Plaintiff that failure to comply with the Court's orders would result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed. (Dkt. No. 10; Dkt. No. 12.) However, those warnings were not received by Plaintiff. (Dkt. No. 11; Dkt. No. 13.) The inability of the Court to communicate with Plaintiff is due solely to his failure to provide the Court with his updated address. Notably, Plaintiff has demonstrated that he is aware of his obligation to notify the court in writing of any changes to his address, having done so in *Kilgore II*, Dkt. No. 12.

Third, Defendants have not been served or appeared in this action. (*See generally* docket sheet.) However, "fading memories with the passage of time" may result in "unfair prejudice" to

Defendants if the action is permitted to continue. *Buffalo Emergency Assoc., LLP v. Unitedhealth Grp., Inc.*, 19-CV-1148S, 2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020).

Fourth, given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's docket and Defendants' interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter.

Fifth, I have considered less-drastic sanctions, but reject them as ineffective. While the Court could potentially issue an order reprimanding Plaintiff for his conduct, those efforts would be futile, given that such an order would, in all likelihood, never reach Plaintiff due to his failure to provide the Court with a current address.

As a result, I recommend dismissal for failure to prosecute this action and to provide the Court with an updated address.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **<u>DISMISSED</u>** in its entirety, pursuant to Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report and Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 3, 2021
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[4]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).